UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

CASE NO. _____

In re Application of

NEWBROOK SHIPPING CORPORATION,
and FALCON CONFIDENCE SHIPPING
LTD.,

                Applicants,

Pursuant to 28 U.S.C. § 1782
for Judicial Assistance in Obtaining
Evidence for Use in a Foreign and
International Proceeding.

## APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

Newbrook Shipping Corporation ("Newbrook") and Falcon Confidence Shipping Ltd. ("Falcon Confidence Shipping") (collectively, the "Applicants"), respectfully submit this Application for Judicial Assistance, pursuant to 28 U.S.C. § 1782, in obtaining documentary and testimonial evidence for use in foreign proceedings (the "Application"). In support, the Applicants respectfully state as follows:

## FACTUAL BACKGROUND

1.      The facts relevant to this Application are set forth below and in the Declaration of Mikhail Alexei Xavier Charles, Esq. (the "Declaration"), which is attached hereto as **Exhibit A**. The facts stated in the Declaration is incorporated herein by reference.

2.      The Applicants seek assistance from the United States District Court for the Northern District of Maryland to obtain documentary and testimonial evidence from Global Marketing Systems, Inc., an entity incorporated in Maryland ("GMS") and Anil F. Sharma

("Sharma") (collectively, the "Discovery Targets"), who are found in this District.  See Decl. at ¶¶ 2, 10, 11, 27.

### Relevant Parties

3.      Newbrook is a corporation registered in the Netherlands that does business in the cargo shipping industry.  Id. at ¶ 7.  Newbrook previously owned the cargo ship, the mv 'Falcon Traveller' (the "Falcon Traveller") at the time that Nadella Corporation ("Nadella") wrongfully arrested it.  Id.

4.      Newbrook also owns 100% of the shares of Falcon Confidence Shipping, which owns the cargo ship, the mv 'Falcon Confidence' (the "Falcon Confidence").  Id. ¶ 8.

5.      Nadella is a Nevis entity that instituted proceeding and arrested both the Falcon Traveller wrongfully based on a claim against another unaffiliated vessel, the mv 'Falcon Carrier' (the "Falcon Carrier").  Nadella also arrested the Falcon Confidence based on the same allegations that it is related to the Falcon Carrier, which issue of whether the ships are related is still pending resolution in the South African Action.  Id. ¶ 9.

6.      GMS is an entity incorporated in Maryland with an office located at: 81 Baltimore Street, Lila Building, 4th Floor, Cumberland, Maryland 21502.  Id. ¶ 10.  GMS is the registered agent of Nadella and is expected to have relevant information regarding the South African Action and the Contemplated Action.  Id.

7.      Sharma is an individual resident with and address of 821 Bishop Walsh Road, Cumberland, Maryland 21502.  Id. ¶ 11. Sharma is believed to own and control Nadella and is expected to have relevant information regarding the South African Action and the Contemplated Action.  Id.

## Basis for the Proceedings and Relevance of the Requested Discovery

8.     The Applicants seek assistance from the United States District Court for the Northern District of Maryland to obtain documentary and testimonial evidence from the Discovery Target, which are residing or found in this District.  Id. ¶¶ 2, 10, 11, 27.  Specifically, the Applicants seek evidence to support the currently pending proceeding before the proceeding in the High Court of South Africa, Western Cape Division, Cape Town (Admiralty Jurisdiction) (the "South African Court") in Case No. AC5-19 in the matter between Nadella and the Falcon Confidence and Falcon Confidence Shipping (the "South African Action").  Id. ¶ 27.

9.     Specifically, the Applicants seek information regarding the circumstances surrounding Nadella's claim in the South African Action that the Falcon Confidence is a related ship to the Falcon Carrier, which was the sole basis for Nadella's arrest of the Falcon Confidence that the Applicants strongly dispute.  Id. ¶¶ 25, 28.

10.     The Applicants seek specific information including documents and communications that are in the Discovery Targets' possession, custody, and control sufficient to show any basis for Nadella's argument that the Falcon Confidence and Falcon Carrier are associated ships.  Id. ¶ 29.  By uncovering this information, the Applicants will be better able to defend against the claim that the two vessels are related and to pursue, as may be necessary, claims against Nadella and any other persons involved in or who substantially assisted Nadella in wrongfully arresting the Falcon Confidence.  Id.

11.     The Applicants also seek assistance to obtain documentary and testimonial evidence to support and allow the Applicants to determine the defendants and co-conspirators that should be named in the contemplated action in Nevis against Nadella and other currently

unknown co-conspirators for the claims of: (i) civil conspiracy; and possible other claims, which have caused damage to the Applicants (the "Contemplated Action").  Id. ¶¶ 5-6, 34-36.

12.     The elements of a cause of action in a claim of civil conspiracy in Nevis are:

(a) A combination or agreement between the defendant and one or more others;

(b) A predominant purpose to injure the claimant;

(c) Acts carried out pursuant to the combination or agreement;

(d) Causing loss suffered by the claimant.

Id. ¶ 6

13.     The filing of the Contemplated Action is hampered by the Applicants' inability to discern and name the other co-conspirators.  Id. ¶ 34.  Upon information and belief, Nadella conducts no business from Nevis, aside from maintaining an office there.  Id. ¶ 36.  All business for Nadella is conducted outside Nevis and thought to be transacted between many parties, including the Discovery Targets in this District.  Id. Therefore, the co-conspirators involved in the wrongful arrests of the Falcon Traveller and Falcon Confidence are likely outside the jurisdiction of Nevis.  Id. The Applicants need the discovery requested in this Application to determine who to name as defendants in the Contemplated Action.  Id.

14.     Specifically, the Applicants seek disclosure from the Discovery Targets of the following categories of documents related to the Contemplated Action, including all documents sufficient to show:

a)      The ultimate beneficial owner of Nadella;

b)      The board of directors of Nadella;

c)      Any Articles of Incorporation or Operating Agreement for Nadella;

d)      Share certificates for Nadella;

e)      Board of director resolutions or meeting minutes for Nadella;

f)      Any power of attorney executed for or on behalf of Nadella;

g)      Any proxy used for Nadella; and

h)      The ownership of Nadella through any correspondence by or to the Discovery Targets.

Id. ¶ 35

15.     By uncovering this information, the Applicants will be better able to pursue, as may be necessary, claims against all persons or entities involved in the civil conspiracy or other tortious acts for use in the Contemplated Action.  Id. ¶¶ 35-36.

16.     With regard to the Contemplated Action, the Applicants have retained the law firm Prudhoe Caribbean in Turks & Caicos, British West Indies, which employs an attorney licensed in the jurisdiction where such proceeding is within contemplation.  Id. ¶ 6. Specifically, considerable time and effort has been expended in reviewing the facts of the Applicants' case and determining the proper steps to take and what causes of action are appropriate.  Id. Thus, the Applicants have taken and continues to take concrete steps to proceed with the Contemplated Action.  Id.

**The Relevance of the Requested Discovery**

17.     First, the evidence sought through this Application is for use in a currently pending South African Action.  Id. ¶ 4.

18.     Second, the evidence sought through this Application is for use in the Contemplated Action in Nevis against Nadella and other currently unknown co-conspirators for the claims of civil conspiracy.  Id. ¶¶ 5-6.

19.     The documents and testimonial evidence sought through this Application are necessary to determine and name the other co-conspirators to the civil conspiracy claims that are contemplated in the Contemplated Action and substantiate as well as support the Applicants' claims in the South African Action that the Falcon Confidence and Falcon Carrier are not related vessels. Id. ¶¶ 5-6, 27-30.

20.     The Discovery Targets are not a party to the South African Action and may not become a party to the Contemplated Action, although that is not yet fully determined and cannot be until the Applicants obtain the information requested in this Application. Id. ¶¶ 32, 39. Absent this Application, the evidence would remain outside the reach of the South African Court and Nevis court.  Id. ¶¶ 32, 40.

21.     Should the Court grant the Application, the Applicants propose to serve the sample subpoenas, attached hereto as **Composite Exhibit B**, on the Discovery Targets.

22.     As demonstrated below, the Applicants meet the statutory requirements for relief under 28 U.S.C. § 1782, and the discretionary factors weigh in favor of granting the relief requested in this Application.

## ARGUMENT

### I.     Standard for Granting Relief

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).  Section 1782 "provide[s] for assistance in obtaining documentary and other tangible evidence as well as testimony." Id. 248. The statute reads, in pertinent part:

> (a) The district court of the district in which a person resides or is
>      found may order him to give his testimony or statement or to

produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a) (2016).

Courts have distilled § 1782's language into a two-part inquiry – whether a district court is *authorized* to grant relief and whether it *should* grant relief in its broad discretion. First, a district court is authorized to grant relief when the following statutory requirements are met: (1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing;" (3) the request must be made "by a foreign or international tribunal," or by "any interested person;" and (4) the evidence must be "for use in a  proceeding in a foreign or international tribunal."[1] 28 U.S.C. § 1782(a); see also In re Clerici, 481 F.3d 1324 (11th Cir. 2007).

---

[1]      District courts may, and indeed typically do, grant § 1782 relief on an ex parte basis. See In re Eurasian Bank Joint Stock Co., No. 3:15-mc-106-L-BN, 2015 WL 6438256 at *2 (N.D.

Next, once a district court has determined that it is authorized to grant relief, it is free to grant relief in its broad discretion. The court's discretion is guided by the discretionary factors recited by the Supreme Court in <u>Intel</u>:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid";
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
>
> (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
>
> (4) whether the § 1782(a) request is "unduly intrusive or burdensome."

<u>Intel</u>, 542 U.S. at 264-65. This discretion is further informed by the twin Congressional aims of § 1782, "which are to provide efficient means of assistance to participants in international litigation in our federal courts and to encourage foreign countries by example to provide similar means of assistance to our courts." <u>In re Pimenta</u>, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013) (citing <u>Euromepa, S.A. v. R. Esmerian, Inc.</u>, 154 F.3d 24 (2d Cir. 1998)).

---

Tex. Oct. 21, 2015) (Horan, Mag.) (noting that "<u>ex parte</u> filing of an application for discovery under 28 U.S.C. § 1782 is permissible."); <u>Gushlak v. Gushlak</u>, 486 F. App'x 215, 217 (2d Cir. 2012) (reasoning that "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 <u>ex parte</u>. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash [a subpoena] pursuant to Federal Rule of Civil Procedure 45(c)(3).") (citing <u>Brandi-Dohrn v. IKB Deutsche Industriebank AG</u>, 673 F.3d 76, 78 (2d Cir. 2012); <u>In re Edelman</u>, 295 F.3d 171, 173-75 (2d Cir. 2002); <u>In re Clerici</u>, 481 F.3d 1324 (11th Cir. 2007) (affirming denial of motion to vacate order granting <u>ex parte</u> § 1782 application)).

As demonstrated below, the Applicants satisfy the statutory requirements and, therefore, this Court should grant the relief sought in the Application.

## II.    The Applicant Meets the Mandatory Requirements for Granting Relief

### A.    The Discovery Targets Reside or are Found in This District

As explained above, the Discovery Targets "reside or are found in" the Northern District of Maryland. See Decl. ¶¶ 10, 11, 43. Sharma owns real property in this District and personally resides in that real property. Id. ¶ 11. GMS conducts business in this District. Id. ¶ 10; see also Application of Consorcio Ecuatoriano de Telecomunicaciones S.A., 747 F.3d at 1269 ("JAS USA…has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the application for assistance'—namely, the Southern District of Florida."). Furthermore, the Discovery Targets presence in this District may be categorized as systematic and continuous.

### B.    The Discovery Sought is for Use in a Proceeding in a Foreign Tribunal

Likewise, the Applicants satisfy the second requirement as the discovery sought through the instant Application is for use in the pending South African Action and for use in the Contemplated Action within the Applicants' contemplation that is poised to commence imminently. See Decl. ¶¶ 4-6. It is well settled that a § 1782 application may seek evidence for use in a proceeding that has not yet begun, but that is within reasonable contemplation. Intel, 542 U.S. at 258-59. To wit, the Supreme Court in Intel noted, "[s]ection 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings. In 1964 . . . Congress also deleted the requirement that a proceeding be 'pending.' When Congress acts to amend a statute we presume it intends its amendment to have a ***real and substantial effect***." Id. (internal citations omitted) (emphasis added).

Here, the already pending South African Action surely satisfies this prong.  See Decl. ¶ 4.
Additionally, the Contemplated Action satisfies this standard.  First, the Applicant has retained
Nevis counsel, in connection with the investigation, preparation, and filing of the Contemplated
Action against Nadella and other co-conspirators in Nevis.  Id. ¶ 6.  Specifically, as described in
the Declaration, the Applicants' Nevis counsel has expended considerable time and effort in
investigating the claim, gathering evidence, corresponding with the contemplated action.  Id.
Therefore, the Applicant has taken and is continuing to take concrete steps to proceed with the
Contemplated Action.  Id.

      **C.**      **The Applicant is an Interested Person**

A person who has "participation rights" and "possesses a reasonable interest in obtaining
judicial assistance… qualifies as an interested person within any fair construction of that term."
Intel, 542 U.S. at 256-7 (2d Cir. 2004) (internal citations omitted).  "The legislative history to
§ 1782 makes plain that 'interested person' includes a party to the foreign litigation."  See
Lancaster Factoring Co. Ltd. v. Mangone, 90 F.3d 38, 42 (2d Cir. 1996) (internal citations
omitted). Here, the Applicants are "interested persons" in the clear capacity as claimants in the
South African Action and the Contemplated Action.  Id. ¶¶ 31, 37.  Hence, the Applicants meet
the third statutory requirement under 28 U.S.C. § 1782(a).

**III.**      **This Court Should Exercise its Discretion in Favor of Granting Relief**

As noted above, once the District Court has determined that the mandatory requirements
for relief under § 1782 are met, the Court is free to grant discovery in its discretion.

First, the Discovery Targets are not expected to become parties to the South African
Action.  Id. ¶ 32.   The Discovery Targets may only be a witness in the Contemplated Action,
but that is not yet known and cannot be definitively determined until Applicants obtain the

discovery requested in the Application.  Id. ¶ 39.  Accordingly, this factor weighs in favor of granting the Application.  See Intel, 542 U.S. at 264 ("the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a non-participant in the matter arising abroad.").

Second, counsel retained in furtherance of the South African Action and the Contemplated Action have advised that there is no indication that the respective South African Court and Nevis court would not be receptive to the documentary and testimonial evidence sought through the instant Application.  Id. ¶¶ 33, 40; see also In re Eurasian Bank Joint Stock Co., 2015 WL 6438256 at *3 (N.D. Tex. Oct. 21, 2015) (stating that "[i]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, which Eurasian's local counsel has represented to the Court that he has been unable to find, the Court determines that the second factor does not weigh against an exercise of discretion in Eurasian's favor.").

Third, counsel retained in connection with the South African Action and Contemplated Action have advised the Applicants that the evidence sought through the instant Application would likely be admissible and does not otherwise circumvent any proof-gathering restrictions under the applicable rules or law in South Africa or Nevis.  Id. ¶¶ 33, 40.

Finally, this Application is not unduly intrusive or burdensome as the Applicants propose to serve the Discovery Target with the sample subpoena, attached as **Composite Exhibit B** for this Court's review.  Moreover, the Applicants seek the type of documentary and testimonial evidence corporations typically produce in the normal course of litigation. The Applicants will also limit the relevant period of inquiry to approximately a five year period, between January 1, 2015 to present.  Id. ¶¶ 15, 34, 41; Ex. B, Sample Subpoenas.

As such, each discretionary factor identified by the <u>Intel</u> Court weighs in favor of granting the Application.

WHEREFORE, Applicants respectfully request that this Court enter an Order, in the proposed, or substantially similar, form attached hereto as **<u>Exhibit C</u>**:

(a)     exercising its discretion, pursuant to 28 U.S.C. § 1782, and granting this Application for Judicial Assistance;

(b)     granting Applicants leave to conduct discovery pursuant to the Federal Rules of Civil Procedure, including, but not limited to, leave to serve the subpoenas, in substantially the same form as the sample subpoenas attached as Exhibit B to this Application, and take testimony;

(c)     reserving jurisdiction to grant Applicants leave to serve follow-up subpoenas on any other person or entity as may be necessary to obtain the evidence described in the Application; and

(d)     granting any other relief this Court deems just and proper.

Dated: March 24, 2020

Respectfully submitted,

/s/  Jodie E. Buchman
Jodie E. Buchman (Bar No. 26004)
Pierce C. Murphy (Bar No. 30030)
Silverman Thompson Slutkin White LLC
201 N. Charles Street, Suite 2600
Baltimore, MD 21201
T: (410) 385-2225
F: (410) 547-2432
jbuchman@silvermanthompson.com
pmurphy@silvermanthompson.com

And

SEQUOR LAW, P.A.
1111 Brickell Ave. Suite 1250
Miami, Florida 33131
Telephone:  305-372-8282
Facsimile:  305-372-8202

Gregory Grossman, Esq.
Florida Bar No.: 896667
ggrossman@sequorlaw.com
Amanda E. Finley, Esq.
Florida Bar No.: 100225
afinley@sequorlaw.com

*Attorneys for Applicants*

/s/